UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WILBOURN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI VIC MEDIUM I,<br><br>　　　　Respondent. | CASE NO. ED CV 18-2125-AG (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institute Victorville in Adelanto, California. On October 4, 2018, he filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody" pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his 2011 sentence from the district court for the Southern District of Texas. For the reasons explained below, the Court concludes that it does not have jurisdiction over Petitioner's claims and, therefore, the Petition is dismissed.

In April 2011, Petitioner pleaded guilty to aiding and abetting armed bank robbery and aiding and abetting the brandishing of a firearm during a crime of violence. *See United States v. Wilbourn*, CR 10-0788 (S.D. Tex.), Docket No. 131. He was sentenced to 181 months

in prison. *Id.* Petitioner appealed to the Fifth Circuit Court of Appeals, which affirmed his sentence. *Id.*, Docket No. 217-1.

In October 2013, Petitioner filed a 28 U.S.C. § 2255 motion in the district court for the Southern District of Texas. *Id.*, Docket Nos. 231, 232. In that motion, he argued, among other things, that the trial court's imposition of sentencing enhancements violated his Sixth Amendment right to a jury trial. *Id.* In July 2014, the district court denied Petitioner's motion. *Id.*, Docket Nos. 254, 261.

In June 2016, Petitioner sought permission from the Fifth Circuit to file a second or successive § 2255 motion. *Id.*, Docket No. 279. He argued that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016)), the trial court violated his right to due process when it increased his sentence based on his use of a firearm during the commission of a "crime of violence." *Wilbourn*, CR 10-0788, Docket No. 279-1. It appears that his application to file a second or successive motion is still pending in the Fifth Circuit.

On October 4, 2018, Petitioner filed the instant § 2241 Petition in this court, arguing, as he did in the Fifth Circuit, that his sentence is unconstitutional under *Johnson*. (Petition at 8.) He contends that his remedy under § 2255 "is inadequate because [he] qualifies under the savings clause of section 2241." (Petition at 6.)

Petitioner is mistaken. The proper vehicle for challenging a federal conviction or sentence is a § 2255 motion in the district of conviction. In this regard, § 2255 specifically provides:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See, e.g., *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (motions to contest legality of sentence must be filed under § 2255 in the sentencing court). What this language means is that, generally speaking, a prisoner cannot proceed in the district court under § 2241 in lieu of § 2255. See *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (noting "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241.") Though there is an exception to the general rule, known as the "escape hatch" or "savings clause," which allows a prisoner to raise constitutional or statutory claims under § 2241 that he was unable to raise under § 2255, Petitioner cannot show that his case falls within that exception. To qualify, a prisoner must claim that he is actually innocent and show that he has not had "an unobstructed procedural shot" at presenting his claim. *Harrison*, 519 F.3d at 959; see also *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). Petitioner has not met his burden.

First, he has not claimed that he is actually innocent. Second, he has not shown that his ability to present his sentencing claim has been obstructed. He has filed an application in the Fifth Circuit to present his claim in the district court in Texas, which, on its face, meets the requirements for a second or successive motion under 28 U.S.C. § 2244(b)(2)(A). As such, Petitioner has an opportunity to challenge--and is challenging--his sentence. For that reason, he is

not entitled to litigate the same claim at the same time in this court through § 2241 and, therefore, the Petition is subject to dismissal.

The Court also finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

IT IS SO ORDERED.

DATED: 10/31/18

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Federal Habeas\WILBOURN, M 2125\Ord dismissing Pet.wpd

4